Parker, C. J.,
delivered the opinion of the Court. The point presented by the pleadings is, that the husband of the demandant, although seised of the land in which dower is claimed during the coverture, had alienated it before the decree of divorce took place; and the legal inference attempted to be drawn is, that the wife is *192 not dowable, but of lands of which the husband continues seised until the dissolution of the- marriage.
The counsel for the tenant have argued that the legislature intended, by the language of the provision in question, to limit the right of the wife to the lands which remained the husband’s at the time of the divorce.
But this is too narrow a construction; for the whole sentence manifestly shows an intention to place the divorced wife upon the same footing with the widow, in respect to dower. The construction contended for would operate severely upon an unfortunate woman who feels obliged to seek a separation from an unworthy husband, and might prevent her from asking for the relief which the law designs for her. For if she remains with her husband, after he has forfeited all claim to her respect and confidence, until his death, she will have dower in any lands he may have alienated during the coverture. But if she withdraws from the connection, she may be cut off from all dower; for it would be in the power of the husband, after committing the crime which is a legal cause of divorce, to transfer all his real estate, and thus deprive his injured wife of the means of living. Such a construction of * the statute would be unnatural and injurious. Nor is it to be supposed that the legislature intended to place in the hands of a criminal husband a power to coerce a continued cohabitation, by exposing the wife to want, if she should avail her self of the liberty afforded her by the law.

Plea in lar adjudged lad