## ANDERSON *vs.* PRINDLE.

ERROR TO COUNTY COURT, DANE COUNTY.

Heard February 9.]                    [Decided May 4, 1860.

### *Evidence—Witness—Parties.*

Where one defendant puts in a defense which does not constitute a defense for his co-defendant, he may call the co-defendant as a witness, without giving notice to the plaintiff that he intends to call him, to establish the facts of his defense.

The facts of this case are sufficiently stated in the opinion of the court.

*Knapp, Widvey & Booth,* for the plaintiff in error.

*Spencer & Firmin,* for the defendant in error.

*By the Court,* COLE, J.   This action was brought upon a promissory note given by the plaintiff in error and one Oleson, to the defendant in error.   Oleson made no defense.   The plaintiff in error, in his answer, among other matters, set up that he signed the notes as surety, and that the defendant in error, without his consent, and for a valuable consideration, extended the time of payment of the note to the principal, whereby he had become discharged.

On the trial of the cause before the county court, a jury having been waived, the plaintiff in error offered Oleson as a witness to prove his defense, who was objected to by the defendant in error, for the reason that he was a defendant in the suit, and no notice had been given of his intention to testify, or that he would be called upon by his co-defendant. The county court overruled the objection, and permitted the witness to testify.   In his decision, the county judge states that on reflection he thought Oleson had been improperly

admitted to testify, and therefore he had excluded his testimony from his consideration in deciding the cause. And the only matter we deem it necessary to consider now is, as to whether the county court was correct in holding that Oleson could not properly be sworn for his co-defendant, without a notice of his intended examination being previously given to the adverse party, for such time as the court might consider reasonable, and for excluding his testimony because no such notice had been given.

Except in certain specified cases, our statute has provided that no person shall be disqualified as a witness, in a civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise. Sec. 50, chap. 137, R. S. By a subsequent section it is further provided that notice of the intended examination of *a party in his own behalf*, shall be given to the opposite party, for such time as the court shall deem reasonable, in order to enable such opposite party to be present at the trial, or have his deposition taken. Section 52. No notice was given in the present case, that Oleson would be sworn in behalf of the plaintiff in error, nor do we think any such notice was necessary, under the circumstances. If the defense set up by the plaintiff in error had been one in which Oleson was jointly interested, and if the testimony which he might give, while exonerating Anderson, would necessarily tend to discharge himself from all liability upon the note, then the adverse party must have reasonable notice of the intended examination. But Oleson was not called to testify to anything in his own behalf, or which could in any way effect his own liability. By neglecting to answer, Oleson had admitted the cause of action, as far as he was concerned. If the defense of the plaintiff in error should be successful, he would not be benefited by it. The judgment must still stand against him. We therefore cannot see why Oleson was not admissible for his co-defendant, as to the matters upon which

he was called upon to testify, without any notice of the intended examination being given. The statute requires the notice to be given only when a party is to be examined in his own behalf. But when there is a separate defense, of which one of the defendants may avail himself, as infancy, discharge in consequence of time being given to the principal, without the consent of the surety, when such defendant stands in that relation, and such defense can be established by a co-defendant, we think the co-defendant is competent, and may be examined without the notice being given.

We we not deem it proper for us to express any opinion as to what effect ought to be given to the excluded testimony. The counsel for the defendant in error insists that Anderson was not injured in consequence of its exclusion. It is impossible for us to say what weight the county court might have given to the evidence, had it been regarded as competent. At any rate, we cannot consider its exclusion as immaterial.

The judgment of the county court is reversed, and a new trial ordered.