BETSEY STILPHEN vs. MILTON HOUDLETTE.

*Dower—right of, defeated by divorce of husband.*

A judgment of divorce, *a vinculo,* obtained by the husband on his libel, is no bar to the granting, by the same court, of a like divorce to the wife on her libel.

But the former judgment defeats the wife's right of dower, although her divorce was granted 'for the fault of her husband.'

ON EXCEPTIONS.

IN a plea of dower, wherein the plaintiff demands against the defendant, her dower or just third part of and in a certain piece of land, with the buildings thereon, situated in Dresden, in said county of Lincoln, and bounded as described in a deed from Francis Stilphen to the defendant, dated the 4th day of October, A. D. 1864.

Whereupon she complains and says that said Francis Stilphen, formerly her husband, was seized in fee of said premises, during his coverture with the plaintiff; that she has been divorced from said Stilphen from the bonds of matrimony for his fault; and that since said divorce was had, to wit, on the 12th day of June, 1871, more than a month before the purchase of this writ, she demanded of the defendant, then and ever since tenant in possession, and having the immediate estate of inheritance in the premises, to assign and set out to her, her reasonable dower in the premises, which defendant refused to do, but has kept her out and still keeps her out of the same. The plaintiff also claims to recover in this suit reasonable damages for the retention of her dower, from the time of demand to the rendition of judgment in this suit, which the plaintiff alleges amounts to one hundred dollars, all which is to the damage of the said plaintiff (as she says) the sum of eight hundred dollars.

The defendant filed the following pleas:

1. And now the said defendant comes and says that the plaintiff

ought not to have her dower of the said tenements with their appurtenances, because he says the said Francis Stilphen, from whose endowment she claims dower, etc., is alive and in full life, to wit, at said Dresden, and he says that the plaintiff has not been divorced from the said Francis Stilphen, from the bonds of matrimony, for his fault, as is set forth and alleged in her writ and declaration. And this he is ready to verify in whatever manner the court shall think fit. Wherefore he prays judgment, if the plaintiff ought to have her dower of the said tenements, with the appurtenances, whereof, etc., of the endowment of the said Francis Stilphen, formerly her husband, and for his costs.

2. And for further plea the said defendant comes and says that the plaintiff ought not to have dower of the said tenements with their appurtenances, because he says, that the said Francis Stilphen, from whose endowment she claims dower, etc., and who is still alive, has been divorced from the plaintiff from the bonds of matrimony, to wit: At the supreme judicial court begun and holden at Wiscasset, within and for the county of Lincoln, on the second Tuesday of May, A. D. 1865, being on the ninth day of said month; wherein and at which time the said Francis Stilphen impleaded the said Betsey Stilphen in a petition and libel for divorce from the bonds of matrimony, in his own favor and against the said Betsey,—which libel was filed in said court on the 24th day of December, A. D. 1864, and a summons thereon to the said Betsey issued, and said libel and summons were duly and legally served upon the said Betsey on the 26th day of said December; which bonds of matrimony and coverture are and were the same identical bonds in the plaintiff's writ above mentioned; and thereupon said libel was continued in said court from term to term, and such proceedings were had that afterwards, to wit, at the same term of said court, as is above set forth, the said Francis Stilphen by the consideration of the same court, was divorced from the said Betsey; and it was by said court then and there considered and decreed, that the bonds of matrimony theretofore entered into, and existing by and between the said Francis and Betsey, for the cause of de-

sertion and other causes set forth by the said Francis in his said libel, be and the same were thereby dissolved, as by the record and proceedings thereof, now remaining in said court, more fully appears; which judgment and decree still remains in full force and unreversed; and this he is ready to verify. Wherefore he prays judgment, if the plaintiff ought to have her dower of the said tenements, with the appurtenances, whereof, etc., of the endowment of the said Francis Stilphen, formerly her husband, and for his costs.

3. And for further plea the said defendant comes and says that the plaintiff ought not to have her dower in the said tenements with their appurtenances, because he says that at the time of her supposed divorce from the said Francis Stilphen, as is in her writ and declaration alleged, the bonds of matrimony did not exist between the plaintiff and the said Francis Stilphen, and the plaintiff was not then the wife of the said Francis, and that the bonds of matrimony theretofore existing between the plaintiff and the said Francis, had long before that time been dissolved, and the said Francis had long before that time been legally divorced from the plaintiff, from the bonds of matrimony, to wit, at the term of our supreme judicial court begun and holden at Wiscasset, within and for the county of Lincoln, on the second Tuesday of May, A. D. 1865, being the ninth day of said month, the said Francis Stilphen impleaded the said Betsey Stilphen in a petition and libel for divorce from the bonds of matrimony in his own favor and against the said Betsey, which libel was entered in said court, on the 24th day of December, A. D. 1864, and duly and legally served upon the said Betsey on the 26th day of the same December, and was thence continued in said court from term to term, to the May term thereof, above mentioned; and thereupon such proceedings were had, that thereafterwards, to wit, at the same term of said court, as is above set forth, the said Francis Stilphen, by the consideration of the same court, was divorced from the said Betsey; and it was by said court then and there considered and adjudged, that the bonds of matrimony, theretofore entered into, and existing by and between the said Francis and the said Betsey, for the cause of de-

sertion and other causes set forth by the said Francis in his said libel, be and the same were thereby dissolved, as by the record and proceedings thereof now remaining in said court, more fully appears, which bonds of matrimony and coverture are and were, the same identical bonds in the plaintiff's writ and declaration above mentioned; which judgment and decree still remains in full force and unreversed; and this he is ready to verify. Wherefore he prays judgment if the plaintiff ought to have her dower of the said tenements, with the appurtenances, whereof, etc., of the endowment of the said Francis Stilphen, formerly her husband, and for his costs.

4. And for further plea the said defendant comes and says that the plaintiff has not demanded of the defendant to assign and set out to her, her reasonable dower in the said premises, and did not demand her dower of the defendant more than one month, and less than a year, before the purchase of said writ, as is in said writ alleged, and this he prays may be inquired of by the country.

The plaintiff joined the issue raised by this plea.

The plaintiff filed the following replication, which was joined by the defendant:

And now the plaintiff, as to the first plea of the defendant by him pleaded, says she ought not to be precluded from having her dower in the premises described in her writ, with the appurtenances because she says she was divorced from the bonds of matrimony formerly existing between her and the said defendant, for his fault, to wit, at the supreme judicial court, begun and held at Wiscasset, within and for the county of Lincoln, on the fourth Tuesday of April, A. D. 1871, by a judgment of said court, rendered of the 7th day of June, A. D. 1871, as will more fully appear by the record of said judgment now remaining in said court, which has not been reversed or annulled, but is still in force, and this she prays may be enquired of by the country.

The plaintiff demurred to the second and third pleas, to which defendant filed a joinder as follows:

And the said defendant says that the several second and third

pleas aforesaid by him, the said defendant, in manner and form aforesaid above pleaded, and the matter in the same contained, are good and sufficient in law to bar the said plaintiff from having her said action against him the said defendant, above in pleading alleged, which he is ready to verify, which said matter the said plaintiff has not denied, nor in any manner answered to the same, and has wholly refused to admit that averment, as before, prays judgment, and that the said plaintiff may be precluded from having her dower and action aforesaid against him, and for his costs.

To sustain the issue on her part, the plaintiff introduced, subject to the seasonable objection of the defendant, the record of a divorce, *a vinculo*, from Francis Stilphen for his fault, decreed June 7, 1871, on her libel entered at the October term, 1864 ; a written demand of dower in the premises, admitted to have been served on the defendant on June 12, 1871 ; and a deed of the premises in which dower is demanded from Francis Stilphen to the defendant, dated October 4, 1864, and duly recorded.

To maintain the issue on his part, the defendant introduced a record of a divorce, *a vinculo*, of Francis Stilphen from the plaintiff, decreed at the May term, 1865, on his libel entered at the January term, 1865.

The presiding justice overruled the demurrer, adjudged the second and third pleas good, and ruled that the action could not be sustained ; and thereupon the plaintiff alleged exceptions.

*J. Baker*, for the plaintiff.

*Gould & Moore*, for the defendant.

DANFORTH, J. The plaintiff claims dower in the real estate of her late husband, Francis Stilphen.

To sustain her action she introduces the records of this court for Lincoln county, by which it appears that she was divorced from her husband, for his fault, in June 1871. Seisin during coverture is admitted.

To overcome this *prima-facie* case, the defendant shows by the

records of the same court, that the plaintiff's husband obtained a divorce from her at the May term, in Lincoln county, for the year 1865. It is, however, contended that the earlier decree is not admissible to impeach the later. The soundness of this position need not be questioned. The decree is not offered for any such purpose, but simply to show the *status* of the parties at the date of the last judgment. The two may stand together. Both are judgments of the same court, between the same parties, and equally binding upon them ; each to the extent of the rights settled by it. In the later case, reported in 58 Maine, 508, in the opinion of the court, it is said, ' The fact must not be overlooked, that a second divorce in no way impugns the first. In declaring the bonds of matrimony dissolved, the second decree is in harmony with and confirms the first.' What then are the rights of the plaintiff, respecting dower, growing out of these two equally valid judgments? Her claim must rest solely upon the provision of the statute, as found in the revision of 1871, c. 60, § 7. A wife divorced for the fault of her husband, ' shall have dower in his real estate, to be recovered and assigned to her as if he was dead.' It will be noticed that by this statute a divorce from a husband, for his fault, affects the right of dower precisely 'as would the husband's death, at common law. *Davol* v. *Howland,* 14 Mass. 219.

At common law, to entitle a widow to dower the coverture must continue up to the death of the husband, and a divorce, for the fault of either party, is a sufficient interruption of the marriage relation to defeat that right. 1 Wash. on Real Prop., 3 ed. 228 and authorities there cited. After the first decree the plaintiff had no right of dower inchoate or otherwise. In this respect her legal condition was precisely the same as if the coverture, thus dissolved, had never existed. Under the second she acquires no rights, except such as the statute gives. This confers such dower, and such only, as would accrue to her by the husband's death. It does not restore any lost rights, it simply saves such as already exist, at least in embryo. The second decree may be of importance as affecting the rights of the parties between themselves, as laying the

foundation for a decree of alimony, but it cannot be extended so as to affect the rights of other persons.

If the plaintiff's husband had died at the date of the second divorce, the one which was decreed to her, she would not have been entitled to dower. The divorce previously granted, would have put an end to any such claim. So the divorce decreed to her, having, under the statute, the same effect upon her dower as her husband's death, can give her no greater rights, but must, in this respect, leave her in the same condition. *Exceptions overruled.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.