TURNER VS. PIERCE.

PLEADING: *Multifariousness — Equitable action by vendor in land contract, against purchaser.*

1. A complaint by the vendor against the vendee in a "land contract," after alleging default in the payment of certain sums due as purchase money, further alleged that the vendee, after being ejected from a part of the lands by title paramount to that of his vendor, had recovered against his ejectors judgment for a certain sum as the value of improvements on said lands, and had received the amount of such judgment; that a certain specified portion of said judgment was for the value of improvements put upon the lands by the present plaintiff, the vendor in said land contract; and that the vendee had also, under and by virtue of said contract, claimed and obtained certain sums paid by his ejectors to redeem their land from tax sales made to the present plaintiff or his grantors, and certain other sums which plaintiff had paid for taxes on said land after taking possession thereof under his tax deeds, and which the ejectors had been required to repay before recovering possession of the land. Prayer, that said several sums be adjudged due the plaintiff from the defendant; that defendant and all claiming under him, etc., be foreclosed of all right, etc., to all of said lands of which the legal title remained in the plaintiff; that the lands be sold, and the amount of said several sums, with interest, etc., be paid plaintiff out of the proceeds, and that he have a personal judgment for any deficiency. *Held,* that the complaint is not double or multifarious, and does not improperly join causes of action at law with one in equity.

2. Before the code, chancery had jurisdiction to entertain a suit like this, and to determine in a single decree all matters in controversy between the parties, growing ·out of a contract for the sale and conveyance of lands, or so connected with the contract by subsequent agreements of the parties, or by facts subsequently occurring, as to affect their rights and equities under the contract at the time of suit brought. And the code has not diminished the powers of equity in such cases.

APPEAL from the Circuit Court for *Rock* County.

An action by *Turner* against *Pierce,* similar to the present one, was tried at the circuit in May, 1871; and the judgment there rendered for the plaintiff was reversed by this court

on appeal, upon the ground that the action was prematurely brought, nothing being due the plaintiff at the time of its commencement, upon the land contract therein sought to be foreclosed. 31 Wis., 342–359. The plaintiff then commenced the present action, the complaint herein being the same as the amended complaint in the former action, which is fully described in 31 Wis., on pp. 345–348, and the substance of which is also stated in the above syllabus. The defendant demurred to the complaint on the ground that several causes of action were improperly united therein; and he appealed from an order overruling his demurrer.

*Smith & Lamb*, for appellant, contended that at least four distinct causes of action were united in the complaint: (1) For foreclosure of the land contract therein set forth. (2) For interest due on defendant's note for $1,000, surrendered to defendant by the plaintiff upon payment of the principal only; it being alleged that defendant, at the time of such surrender, promised to pay the accrued interest. (3) For betterment moneys alleged to have been recovered by and paid to defendant, upon his eviction from a part of the land described in said land contract; which moneys it is alleged, belonged to the plaintiff. (4) For moneys, deposited by the ejectors for back taxes, to which plaintiff was entitled, but which defendant drew and converted to his own use. The first cause of action is purely equitable; the second, one at law, upon contract; and one or both of the other two are in tort; and all of the last three are peculiarly proper for a jury. These matters "are not germane to the relief sought" in the foreclosure suit, "are not in aid of that relief, but constitute distinct causes of action which can be more appropriately adjusted by themselves." (Opinion of the court in the former action between these parties, 31 Wis., 355). It is said that these various causes of action arise out of "the same transaction, or transactions connected with the same subject of action" (R. S., ch. 125, sec. 31, subd. 1; Tay. Stats., 1444). But the decisions in New York upon a

similar statute are decisive against this view. *Linden v. Hepburn*, 3 Sandf., 668; *Ehle v. Haller*, 6 Bosw., 661; *Springsteed v. Lawson*, 14 Abb. Pr., 328; *Colwell v. N. Y. & E. R'y*, 9 How. Pr., 311; *Smith v. Hallock*, 8 id., 73; *Hunter v. Powell*, 15 id., 223; *Hulce v. Thompson*, 9 id., 113; *Maxwell v. Farnam*, 7 id., 236; *Dewey v. Ward*, 12 id., 419; *Sweet v. Ingerson*, id., 331. The language of the statute in regard to counterclaims ٦. S., ch. 125, sec. 11, subd. 1) is almost identical with that oove quoted, and the decision in *Akerly v. Vilas*, 21 Wis., 111, ٠s therefore applicable here, and shows that it is not enough that the causes of action united should be *indirectly* or *remotely* connected, but the connection must be *immediate* and *direct.* The first cause of action in this complaint is, not the land contract itself, but the alleged *breach* thereof. *Howell v. Young*, 5 Barn. & Cress., 259; *Battley v. Faulkner*, 3 Barn. & Ald., 288; *Short v. McCarthy*, 3 id., 626; Angell on Lim., § 42 et seq. The second is for an alleged breach of an entirely different contract. It is connected neither with the first nor the last two. If it is said that both the first and second arise *upon contract* and may therefore be joined under subd. 2 of section 31 (above cited), then both the others must be brought under this subdivision also (sec. 30), which is manifestly impossible; and they must also be *separately stated.* The torts alleged as the third and fourth causes of action have certainly only a very *remote* and *indirect* connection, if any, with the land contract or the breach thereof. 1 Tay. Stats., 434, § 157; 2 Saunders' Pl. & Ev., 384, 385.

*Wm. F. Vilas*, for respondent, contended, 1. That the complaint states *but one cause of action ;* that it is simply a bill in equity by the vendor in a land contract, to compel a full performance by the purchaser of the obligations imposed upon him by such contract; that the purchaser is in equity a trustee of the unpaid purchase money for the vendor (Hill on Trustees, 171; 1 Sugden on Vend., 171); that defendant, having elected not to claim a rescission of the contract for the failure of plaint-

Turner vs. Pierce.

iff's title to a part of the land therein agreed to be conveyed, is entitled to a deduction, from the contract price, of what he has lost by reason of such failure of title; that as the improvements which plaintiff had put, before the contract, upon the land to which his title had failed, constituted a part of the consideration for the purchase money, the averments of the complaint showing that defendant has recovered the value of those improvements from the evictors, show that defendant cannot deduct their value from the purchase money which he holds in trust for the plaintiff; that defendant's right to have the moneys paid by the evictors to redeem said lands from taxes paid by the vendor, was "an available and beneficial right" derived from the vendor wholly by the contract, and constituted a part of the consideration for the purchase money, and, to the extent of the money so actually received by the purchaser, he had suffered no loss from the eviction (*Booker's Adm'r v. Bell's Ex'rs*, 3 Bibb, 173; *Pulliam's Adm'rs v. Robinson*, 1 Mon., 228; *Wickliffe v. Clay*, 1 Dana, 585); and that the facts as to such betterment and redemption moneys were therefore necessary to be stated in the complaint, to enable the court to determine justly the extent of defendant's unperformed obligation as a trustee, for the performance of which plaintiff has a lien on the land. 2. Counsel further contended that if the complaint be regarded as stating three causes of action, instead of one, they are not improperly joined; that so far as respects the subject matter, the statute authorizes the joinder of all actions on contract, whether express or implied, and whether legal or equitable (R. S., ch. 125, sec. 29; *Lattin v. McCarty*, 41 N. Y., 107; *Gridley v. Gridley*, 24 id., 130); that as to the tax redemption moneys the complaint does not proceed as for a conversion, but merely states facts which raise an implied promise to repay the money; and that it was sufficient to allege the facts without alleging the implied promise, which is a conclusion of law. *Noonan v. Ilsley*, 21 Wis., 138. He further argued that as defendant obtained the compensation for improvements and the redemption moneys,

through the same contract which is the subject of the first cause of action, and plaintiff's right to recover them arises also from that contract, all the causes of action stated in the complaint have their origin in said contract, and the case falls within that clause of the statute (R. S., ch. 125, sec. 29, subd. 1) which authorizes the joinder of causes arising out of " the same transaction, or transactions connected with the same subject of action ; " and that it could not be objected on this demurrer, that the causes of action are not *separately stated* in the complaint. *Woodbury v. Sackrider*, 2 Abb. Pr., 402 ; *Badger v. Benedict*, 4 id., 176 ; *S. C.*, on appeal, 1 Hilt., 414 ; *Bass v. Comstock*, 38 N. Y., 21.

Dixon, C. J. It would be something strange if the code has so changed the rules of pleading in equity cases and abridged the powers and jurisdiction of chancery, that the complaint before us must be regarded as either double or multifarious, or as combining with a cause of action in equity two or more causes of action at law, distinct and independent in their nature and not cognizable in equity, and not cognate to nor connected with the equitable cause of action stated nor the relief thereon sought to be obtained. Before the code, the jurisdiction of chancery to entertain a suit like this, and to bring in and hear and determine at the same time and by a single judgment all the matters in controversy between the parties growing out of the contract for the sale and conveyance of the lands, or so connected with the contract by subsequent negotiations and agreements of the parties, or by after transpiring facts and circumstances, as to affect the rights and equities of the parties under the contract at the time of suit brought, was undoubted. Before the code, a complaint which, like the present, embraced all the transactions between the parties proceeding from or which had their root in the same primary and original transaction, namely, the land contract, the ground of the action in equity, or which included other facts and circumstances intimately connected with

such ground, and which acted upon and influenced the rights and liabilities of the parties under the contract at the time of filing the bill, like the failure of the vendor's title to a part of the lands sold, the defeat of the vendee in an action of eject-ment brought against him to oust and remove him from the possession of such lands, the recovery by the vendee from the ejector of the value of the improvements put upon the lands in part by himself and in part by this vendor, and also the receipt by the vendee of the moneys refunded by the ejector for taxes paid by the vendor upon the lands ;— before the code, we say, such a complaint would not have been looked upon as double or multifarious, or as stating matters foreign to the proper sub-ject of the action or the relief sought, or matters going to con-stitute anything but a single cause of action or ground of relief. The jurisdiction of equity would have been feeble and inade-quate indeed, if, in such a case, it must have sent the plaintiff to his separate action at law to recover the value of improve-ments put by him upon the lands, and of which the defendant, being in possession under the land contract, had received the price, and to another action at law to recover from the defend-ant the moneys received by him for taxes paid by the plaintiff before the contract of sale was entered into, and still another legal action to obtain satisfaction for the interest which had accrued on the note and mortgage received in payment by the plaintiff on the contract, and then surrendered to the defendant without the interest being accounted for.  Such a course of proceeding would never have obtained under the former prac-tice in equity ; but the court of equity, having jurisdiction to foreclose the rights of the defendant under the contract, or to compel a performance of it by him so far as performance was proper, would, acting on its favorite principle of doing complete justice in all cases where the subject of litigation was in part within its exclusive jurisdiction and it was appealed to for aid, have taken cognizance of the controversy in all of its branches and divisions, and thus, saving a multiplicity of actions, have

settled and determined the rights and liabilities of the parties by a single judgment or decree. "The statement may be safely hazarded," says Mr. Hilliard, "that no single subject in the law gives more frequent occasion for the exercise of chancery jurisdiction, in the various forms of injunction, rescission, compensation and more especially specific performance, than executory contracts relating to real property. Such subjects are said to be within the settled and common jurisdiction of the court, and if the jurisdiction attaches, the court will go on to do complete justice, although in its progress it may decree on a matter which was cognizable at law." Hilliard on Vendors, ch. XXVII, § 1.

And the jurisdiction of equity in such cases was more traceable, perhaps, to the head of trusts than any other. Speaking of the doctrine of equitable conversion, it is said in a work of very respectable authority, that "one of the most familiar examples of this kind of conversion is where a contract is made for the sale of land. In such case, in equity and by construction of law, the vendor becomes immediately a trustee of the vendee, of the real estate; and the vendee becomes at the same time a trustee of the vendor, of the purchase money." Tiffany and Bullard on Trusts, 491. Judge Story makes use of nearly the same language in defining the relations of the parties. 2 Story's Eq. Jur., § 1212. See also 1 id., § 790. In the management and disposition of the trusts, it was a matter of course that the court should take into consideration and determine all questions between the parties pertaining to the trusts, and by which the rights and equities of the parties or either of them might be therein affected. In no other way could the ends of justice be attained, and a proper adjudication be made. In a case like this, the court would take an account of the moneys received by the defendant for the improvements made by the plaintiff and for the taxes paid by him and which were refunded to the defendant, because such moneys were a part of

the trust funds, which must be accounted for before any final settlement could be made.

The moneys so received by the defendant from the evictor stood in the place of and represented, so far as they went, the value of the lands of which the defendant had been divested by the eviction, and were to that extent held in trust by him for the use of the plaintiff whenever the latter should account to him for the value of the lands the title and possession of which had so been lost. Such accounting would necessarily be involved whenever the vendor sued to enforce the contract or to compel payment for the residue of the lands; and it was upon this ground of trust, the enforcement of which is always cognizable in equity, that the jurisdiction was held in the particular cases cited by counsel for the plaintiff, and which seem to be clearly and especially in point.

The jurisdiction and mode of pleading in equity being thus established, the question presented would seem to be, whether either has been changed or abrogated by the code. One principal object of the code, it has always been supposed, was to approximate the rules of pleading, in all matters of substance, and without regard to the nature of the action, whether legal or equitable, as near as might be to those formerly prevailing in the court of chancery; and this court has again and again held that the jurisdiction of equity has not been changed or affected by the code. See note to *Shephard v. Genung*, 5 Wis. (republication), 399, and authorities there cited.

The statute relied upon by counsel for the defendant (sec. 29, ch. 125, R. S.; 2 Tay. Stats., 1444, § 31), seems rather calculated to increase than diminish the jurisdiction of equity; but we hold that provision of the code inapplicable, because we hold that the complaint states but a single cause of action.

*By the Court.* — Order affirmed.