[No. 3,073.]

## HUGH McNEADY v. HENRY C. HYDE AND SAMUEL ADAMS.

COMPLAINT IN EJECTMENT AND FOR RELIEF IN EQUITY.—If a complaint states a cause of action in ejectment, and as ground for relief in equity, contains a separate statement of facts upon which an injunction is asked, restraining the defendants from working or selling the property, the action should not be dismissed, because the allegations for relief in equity show that the Court has no jurisdiction to grant such relief.

CAL. REPS. XLVII—31.

Idem.—The fact that the Court has no jurisdiction to grant the equitable re-
lief, would be a reason for denying it on the trial, but the plaintiff might
still recover in ejectment, on evidence having no relation to the facts
averred for relief in equity.

Appeal from the District Court of the Sixteenth Judi-
cial District, County of Kern.

The action was brought to recover the possession of cer-
tain mining claims, and also to enjoin the working or sale
of the property.   As special ground for the equitable inter-
position of the Court, the complaint, after the usual aver-
ments of a complaint in ejectment, alleges, among other
things, that the plaintiff had sold the property to one Dal-
ton for $73,000, under an agreement that the latter should
take possession and work the mine, and apply three fourths
of the net profits monthly to the payment of the purchase
money, until the whole amount should be paid; that Dal-
ton, though receiving large profits from the mine, had made
no payments; that by virtue of a judgment recovered against
Dalton, all his interest was sold under execution to one
Jacoby, and that thereafter, the plaintiff brought an action
of ejectment against Dalton and Jacoby, and recovered a
judgment for the possession of the property and perpetually
enjoining Dalton, "and all persons claiming under or act-
ing under the authority or discretion of him, his servants
or assigns," from working or disposing of the property.   It
is further alleged that on the third of November, 1869,
certain creditors of Dalton filed, in the United States Dis-
trict Court, a petition in bankruptcy against him, in com-
pliance with which, on the ninth of the same month, he was
adjudged a bankrupt under the laws of the United States;
that on the fifteenth of that month, the Marshall took pos-
session, and subsequently, the defendant Hyde was ap-
pointed assignee of the bankrupt, and that the defendants
are about proceeding to work the mine and to sell it, and
that they are insolvent.   The complaint prayed for an in-
junction to restrain them from such action.

The defendant Adams was an agent for Hyde, the assignee
in bankruptcy.   The defendants moved the Court to dismiss

the action, because the United States Courts had exclusive jurisdiction of all the actions concerning property of a bankrupt. The Court overruled the objection.

Judgment was rendered for the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*S. D. Woods* and *M. G. Cobb,* for Appellants.

*Quint & Hardy,* for Respondent.

By the Court, Crockett, J.:

At the trial in the Court below, the defendants moved, on the face of the complaint, to dismiss the action for want of jurisdiction. But the motion was properly denied. The complaint in ejectment was in the usual form, and was complete in itself. That portion of it contained no reference to the proceedings in bankruptcy; and under its averments, the plaintiff might have put in evidence a title and right of possession, having no relation whatever to the bankruptcy proceedings. If it be admitted that the Court had no jurisdiction to grant the injunction on the grounds set forth as the foundation for equitable relief, that may have afforded a sufficient reason for denying the application, but would not have justified a dismissal of the action at law, which, on its face, did not purport to have any connection whatever with the proceedings in bankruptcy.

Nor is there any force in the suggestion that the plaintiff was not entitled to recover in the action at law, because it appeared on the face of that portion of the complaint which was addressed to the equity side of the Court, that the plaintiff had already recovered a judgment of restitution against the bankrupt. The evidence is not before us; and it may be that the plaintiff recovered on a title or right of possession wholly foreign to the proceedings in bankruptcy.

We see no error in the record.

Judgment affirmed; remittitur forthwith.