HENRIETTA PERCIVAL v. ERASTUS PERCIVAL AND ROBERT WIXOM.

*Ejectment for dower after divorce.*

A wife who has obtained a divorce for adultery can thereafter maintain ejectment for dower in the lands of her husband, whether he be living or dead. How. Stat. § 6246.

Error to Calhoun. (Hooker, J.) Jan. 28.—April 9.

EJECTMENT. Defendants bring error. Affirmed.

*John C. Patterson* for appellants. Widows only can have dower: *Wait v. Wait* 4 Comst. 99; *Reynolds v. Reynolds* 24 Wend. 193; *Barbour v. Barbour* 46 Me. 9; *Day v. West* 2 Edw. Ch. 596; *Hunt v. Thompson* 61 Mo. 153; *Mansfield v. McIntyre* 10 Ohio 31.

*James H. Campbell* for appellee. The wife of a man legally dead can have dower: *Smith v. Smith* 13 Mass. 231 ; *Davol v. Howland* 14 Mass. 219 ; *Harding v. Alden* 9 Me. 140 ; *Given v. Marr* 27 Me. 212.

CHAMPLIN, J. The declaration in this case is, in form, a declaration to recover the undivided one-third of certain real estate, as dower, and contains, in addition to the ordinary averments, the following : " For she says that said Erastus Percival, formerly her husband, was seized in fee of said premises during his coverture with the plaintiff; that she was divorced from said Percival, who is yet living, from the bonds of matrimony, for his misconduct on, to wit, the 19th day of September, A. D. 1878, and that since said divorce was had, and while she was so possessed," etc. The defendants demurred to the declaration for the following causes : *first*, the plaintiff's right of dower is conditional and inchoate until the death of her former husband, Erastus Percival, and she cannot maintain ejectment for dower until after his decease ; *second*, ejectment is not the proper remedy for plaintiff during the life-time of her divorced husband ; *third*, the statute does not authorize the plaintiff's suit, and does not provide for or contemplate such a case as is set forth in the declaration ; *fourth*, the plaintiff has no vested right of dower ; *fifth*, no cause of action is alleged against either of the defendants ; *sixth*, the two defendants are improperly and irregularly joined in said declaration ; *seventh*, the plaintiff is not entitled to dower in the premises described in the declaration ; *eighth*, the section of the statute upon which the plaintiff bases her right of action is void ; and also for that the said declaration is in other respects uncertain, informal and insufficient. The circuit court overruled the demurrer and gave judgment for plaintiff.

The doctrine seems to be firmly established that, in the absence of statutory enactments, no woman can have dower unless there is a subsisting marriage at the time of the husband's death. But the right of dower, and when it shall become a vested estate, is subject to legislative control, and the statute providing that in certain cases a divorced woman

shall be entitled to her dower in her husband's lands in the same manner as if he were dead, is legal and valid. The statute was first enacted in the Revision of 1838, in the following language [See Pt. 2, tit. vii, ch. 2, sec. 27,—p. 340]:

" When a divorce shall be decreed for the cause of adultery committed by the husband, or on account of his being sentenced to confinement to hard labor, the wife shall be entitled to her dower in his lands in the same manner as if he were dead ; but she shall not be entitled to dower in any other case of divorce from the bond of matrimony."

In the Revision of 1846 the section was somewhat changed, · giving the wife dower when the marriage was dissolved where the husband was sentenced to imprisonment for life, and when the divorce was decreed on account of his being sentenced to imprisonment for a term of three years or more. In 1850 it was again amended so as to read as follows :

" When the marriage shall be dissolved by the husband being sentenced to imprisonment for life, and when a divorce shall be decreed for the cause of adultery committed by the husband, or for the misconduct or habitual drunkenness of the husband, or on account of his being sentenced to imprisonment for a term of three years or more, the wife shall be entitled to her dower in his lands in the same manner as if he were dead; but she shall not be entitled to dower in any other case of divorce." Rev. Stat. 1846, p. 335; tit. xx, ch. 84, sec. 24; Act 165 of 1850.

This enactment has remained as the law of this State since that time. There is no ambiguity in the language. When the marriage is dissolved or divorce decreed, in the cases specified, her right to dower becomes vested, and she may enforce her remedy therefor in the same manner as if the husband were dead. Her right of dower is no longer inchoate, but at once becomes a legal estate as fully and to the same extent as if the marriage relation had been terminated by his death instead of by the decree of court. In this respect our statute differs from those of some states, which give the divorced wife dower upon the husband's death, and is nearly identical with the statutes of Massachusetts of 1785, which

provided that "when the divorce shall be for the cause of adultery committed by the husband, the wife shall have her dower assigned her in the lands of the husband in the same manner as if such husband was naturally dead," under which it was held, by the supreme court of that state, that the manifest intention was to place the divorced wife upon the same footing with the widow, in respect to dower. *Davol v. Howland* 14 Mass. 219.

Any other construction would operate harshly upon the innocent party who is forced to resort to legal proceedings to obtain protection from the wrongs committed by the husband. If the husband has been sentenced to imprisonment for life, he is civilly dead and the marriage dissolved. Why should the wife be compelled to await the event of his natural death before she can be entitled to the enjoyment of her dower in his lands? If a divorce is decreed because of his adultery, or because of his misconduct, why should the divorced wife be compelled to measure her chances of life against his, and await the result before she shall be awarded her dower, which the law says she shall be entitled to in the same manner *as if he were dead?* Why should he be permitted to profit by his own sins, and they be visited only upon his heirs, who may be blameless? If the Legislature had intended such result, it could easily have been expressed in explicit language, by stating that the "wife shall be entitled to dower in his lands at his death." None of the grounds stated in the demurrer are well taken, and

The judgment is affirmed.

The other Justices concurred.