MARIA A. TATRO, APPELLANT, v. JOSEPH TATRO, APPELLEE.

18 395
57 123

1. **Divorce**: DOWER OF WIFE. Under section 23 of Chap. 25, Comp. St., entitled "Divorce and Alimony," a wife, upon obtaining a divorce for the cause of misconduct, etc., of the husband, is entitled to dower in his lands in the same manner as if he were dead.

2.    ———: ———.  If she make no demand for dower, and the court in making a division of the property of the husband, in the nature of permanent alimony, awards a sum in gross to her, it will be deemed to include all her interest in the husband's estate, and will bar her claim for dower, unless a contrary intent is shown in the decree.

3.    ———: DECREE: ALIMONY.  Upon a divorce being granted, a decree in favor of the wife for permanent alimony will bar her right to any further claims against the estate of the husband.

APPEAL from Fillmore county.  Heard below before MORRIS, J.

*John P. Maule*, for appellant.

*J. W. Eller* and *F. I. Foss*, for appellee.

MAXWELL, J.

This action was brought by the plaintiff against the defendant in the district court of Fillmore county to obtain a divorce, upon the grounds of cruelty and failure to provide a suitable maintenance.  The cause was referred to a referee, who made a report in favor of the plaintiff.  The report was confirmed and a decree of divorce rendered, with permanent alimony to the amount of $2,000, to be paid by installments.  The defendant appealed to this court.  The plaintiff also appealed from the decree for alimony.  Before the hearing the defendant died, and the cause so far as it relates to alimony was revived.  It is claimed on behalf of the plaintiff that the decree for alimony is not for a sufficient amount, and also that she is entitled to dower in the estate of the defendant; while on behalf of the defendant's estate it is alleged that the amount of alimony is excessive, and if, in addition to it, the plaintiff is entitled to dower in the estate, it will be impossible to raise the amount without her signature to the deeds, the property being exclusively real estate.  A considerable amount of temporary alimony was

allowed the plaintiff and her attorneys during the pendency of the action, while the costs and expenses of the trial amount to a very large sum. The defendant's property consists entirely of real estate, which, as is well known, is liable to fluctuate in value, according as the demand may be brisk or dull. He is shown to have been in debt to a considerable amount, and after deducting the debts the alimony allowed is about equal to one-third the value of the estate; and therefore the court did not err in awarding the same. But it is claimed that notwithstanding the decree of divorce the plaintiff is still entitled under the statute to dower in the real estate of the defendant, and this is the principal question in the case. This is claimed under section 23 of chapter 25, Comp. Statutes of 1885, which is as follows: "When the marriage shall be dissolved by the husband being sentenced to imprisonment for life, and when a divorce shall be decreed for the cause of adultery committed by the husband, or misconduct or drunkenness of the husband, or on account of his being sentenced to imprisonment for a term of three years or more, the wife shall be entitled to dower in his lands in the same manner as if he were dead, but she shall not be entitled to dower in any other case of divorce."

Under a somewhat similar statute the court of appeals of New York held, in *Wait v. Wait*, 4 Comst., 95, that a divorce for adultery was prospective in its operation, and had no other effect on the marriage relation than such as was declared by statute, and hence that such divorce did not deprive the wife of her right of dower. *Burr v. Burr*, 10 Paige, 25-26. Under the New York statute, however, the defendant found guilty of adultery was prohibited from marrying again during the life-time of the plaintiff. 2 R. S., 146, § 49. This rule seems to have been extended by the courts to other cases of misconduct of the husband.

In this state an absolute decree of divorce, if unappealed from, is final as to the rights of the parties. Our statute

neither authorizes nor sanctions the practice of divorcing the plaintiff, and denying a divorce to the defendant. A decree *a vinculo matrimonii* dissolves the marriage and puts an end to the relation of husband and wife, and as a necessary consequence to the right of dower, upon the decease of the husband.

Dower in this state is only allowed to the widow who was the wife of the person dying at the time of his death. Kent says that the next species of life estates created by the act of the law is dower. It exists where a man is seized of an estate of inheritance, and dies in the life-time of his *wife.* 4 Kent Com., 35. Coke Litt., 30*a.* 2 Blacks. Com., 130. The effect of a divorce is to put an end to all rights of property depending upon the marriage, and not actually vested, such as the right of dower in the wife, etc. *Rice v. Lumley,* 10 O. S., 596. *Billan v. Hercklebrath,* 23 Ind., 71. *Given v. Marr,* 27 Me., 212. *Barbour v. Barbour,* 46 Id., 9. *Whitsell v. Mills,* 6 Ind., 229. *Burdick v. Briggs,* 11 Wis., 136. *Miltimore v. Miltimore,* 40 Penn. St., 151. *Stilphen v. Houdlette,* 60 Me., 447. It is presumed that the court in rendering a decree of divorce will award alimony in proportion to the property of the defendant. This must include all claims of the plaintiff upon the property of the defendant. If either party is dissatisfied with the decree the case may be brought into this court for review ; but the final decree is conclusive upon the rights of the parties, and bars the rights of either party to any further claim upon the property of the other. The most that can be claimed for our statute is, that upon the decree of divorce being rendered for any of the causes above named the court may in the nature of alimony award the plaintiff dower in the lands of which her husband was seized at the date of the decree. In such case, however, the right to dower is not contingent upon the death of the husband, but accrues at once upon the rendition of the decree. Thus, in *Smith v. Smith,* 13

Mass., 230, upon a divorce *a vinculo* for the adultery of the husband, it was held that the wife was entitled to dower in the same manner as if the husband were dead, and the same ruling was had in *Merrill v. Shattuck*, 55 Me., 370. *Harding v. Alden*, 9 Id., 140. *Davol v. Howland*, 14 Mass., 219. The question of alimony does not seem to have been considered in these cases. At common law the relation of husband and wife must continue to exist to entitle the wife to alimony, and upon a decree of divorce *a vinculo* or sentence of nullity no alimony could be awarded. The statute, however, to protect the claims of the wife, preserves her right of dower in the lands of her husband in case she obtain a decree of divorce *a vinculo* from him for adultery, misconduct, etc. This right becomes operative at once upon a decree being rendered, and not upon the death of the defendant. It is evident, however, that the object of the statute is to enable the wife to obtain a fair division of the property of her husband, and to prevent the defendant from conveying his real estate in fraud of her rights. A married woman may bar her dower by joining in a deed of conveyance of the estate or by a separate deed. She may also be barred by a jointure settled on her with her consent before marriage, or by a pecuniary provision in lieu of dower, to which she has assented. She may also elect between her right to dower under the statute and a provision in the will of her husband, but she will not be entitled to claim under both unless that appears to have been the intention. Comp. St., Ch. 23, § 12, *et seq.* Where the wife accepts any of the pecuniary provisions named, in lieu of dower, she will be barred thereby. So, if upon rendering a decree of divorce the court in decreeing property to the wife in the nature of permanent alimony awards a gross sum, it will be held to include all the property of the husband, including the right of dower, to which the wife will be entitled. It is a fundamental principle of equity jurisprudence that where all parties in in-

terest are before the court in a case where its jurisdiction
is established, it will determine the entire controversy, and
award full and final relief. This principle has frequently
been applied to causes of action which were purely legal in
their nature, and where relief could have been granted by
a court of law, and particularly is this true under the code,
where the distinctions between actions at law and suits in
equity are abolished. *Laub v. Buckmiller*, 17 N. Y., 620.
*Lattin v. McCarty*, 41 Id., 107. *Davis v. Lambertson*, 56
Barb., 480. *Sternberger v. McGovern*, 56 N. Y., 12.
Story's Eq. Juris., §§ 64, 65. *Turner v. Pierce*, 34 Wis.,
658. *McNeady v. Hyde*, 47 Cal., 481. The object is to
prevent a multiplicity of suits. A court of equity, there-
fore, in awarding permanent alimony to the wife, must
take into consideration all the circumstances, and decree
such an amount to the wife as may seem just and proper.
But the decree will be final, unless appealed from, and will
determine the rights of the parties to the property in con-
troversy. Where a decree of divorce is granted which is
not sought to be reviewed on error or appeal, the parties
after the lapse of six months may marry again; and the
only purpose of this provision of the statute is to enable
either party if aggrieved by the decree to have the cause
reviewed in the supreme court. Comp. Stat. 1885, Ch.
25, § 45. Aside from this restriction it is not the policy
of our law to impose restrictions upon the marriage of
either of the parties. We therefore hold that a wife, on
obtaining a divorce for the causes named, is entitled to
dower in the lands of her husband if she so elect, and the
same may be set off as a portion of the husband's estate to
which she is entitled. But that if she do not demand her
dower, and the court makes a division of the property of
the husband in her favor in the nature of alimony, it will
be held to include her dower right unless a contrary in-
tention appears, and the decree will conclude the rights of
the parties. As the decree for alimony in this case was for

a gross sum payable by installments, and seems to have been a fair division of the property of the husband; it must be held to include the plaintiff's right of dower in his lands. The decree of the district court is therefore affirmed.

JUDGMENT AFFIRMED.