Williams, J.
The prevailing rule, when not affected by statute, appears to be that after the dissolution of marriage by divorce, the wife is not entitled to doAver in lands possessed by the husband during the coverture, or at the time of his death, for the reason that marriage at the death of the husband is essential to the right- of doAver in his estate. The right accrues, it is said, to Avidows and not to divorced wives. A different rule has been established in this state by statute, (now section 5699) by which it is provided, that when a divorce is granted by reason of the husband’s aggression, the wife, if she survive him, “shall be entitled to dower in the real estate of the husband not allowed her as alimony, of which he Avas seized at any time during the coverture, and to which she had not relinquished the right of dower.”
It cannot Avell be contended that, in order to bar this dower right of a divorced wife, it is necessary the relinquishment should be made before the divorce is obtained, nor that it may not be accomplished, Avhere the proceedings are regular, by a provision in the decree of divorce. The statute, hoAvever, is en *110 abling in its character, giving a right of dower where without it none existed. It creates no disability, nor imposes any restraint on the power of the divorced wife to release her dower right in any lawful mode, either when the divorce is granted, or at any time thereafter. And a judgment of a competent court having jurisdiction of the parties and subject matter, may be as effectual a bar, as a release by deed.
The rule that obtained in chancery with respect to the effect of a decree for a conveyance and the method of enforcing it, has been somewhat enlarged by our legislation, (now section 5318), by which it is enacted that: “When the party against whom a judgment for a conveyance, release, or acquittance is rendered does not comply therewith by the time appointed, such judgment shall have the same operation and effect, and be as available as if the conveyance, release, or acquittance had been executed conformably to such judgment.” So that, if the court by which the judgment in the divorce case was entered, was clothed with the necessary jurisdiction to render the same, the rights of the parties in this case are precisely the same as if the defendant in error had duly executed and delivered the deed of release as therein ordered.
The jurisdiction of the court in that case to render that part of the decree which relates to the release by the plaintiff therein of her right of dower, is contested here on the ground that the plaintiff’s dower right was not a subject matter before the court for adjudication; and, that it was not as a separate and independent subject of adjudication, may be conceded. But under a prayer for general relief in an action for divorce, properly instituted, it is within the jurisdiction of the court to settle and adjust by its judgment, the rights of the parties with respect to the amount and nature of the alimony that shall be *111 awarded the wife, and the terms and conditions of its payment; and, it appears to be well settled that in awarding the alimony, the court may, in its discretion, and generally will, confirm and carry into effect by its decree, any agreement which the parties have entered into concerning the same, that the court deems just and reasonable, and in doing so, may adjudge the conveyance of real property by one- to the other, in pursuance of such agreement. It it laid down as a general rule, in Nelson on Divorce and Separation, section 915, that: “The agreement of the parties with respect to permanent alimony is valid, and will generally be approved by the court, and a decree may be entered in conformity to it.” In the absence of a saving provision by statute, as has already been noticed, all right of dower in the husband’s lands ceased on the dissolution of the marriage relation by divorce; and when, on granting an absolute divorce, a provision was made for the wife, either in a general decree for alimony, or in a decree entered in conformity with the agreement of the parties, such provision was presumed to be in lieu of dower. And where by statute the right of dower is preserved after divorce, it seems to be an established rule that the court may make an allowance of alimony in lieu of the dower, especially where the parties have so agreed. Nelson on Divorce and Separation, Sec. 909. In Owen v. Yale, 75 Mich., 256, it was held that a consent decree made after the announcement by the "court that a divorce would be granted, providing for such divorce, and for the payment of a gross sum as alimony, “to be in full of all claims of the complainant against the defendant or his property, which payment has been made according to the terms of the decree, is a bar to any claim of the wife to dower.” Among other cases which sustain the jurisdiction of the court in divorce cases to render such decrees, and their binding force on the parties, are Reed v. Reed, 86 Mich., 600; Tatro v. Tatro, *112 18 Neb., 395; Calame v. Calame, 24 N. J. Eq., 440; Webster v. Webster, 64 Wis., 439; Twing v. O’Meara, 59 Iowa, 326. On this subject it is sensibly said by Asbburn, J., in Petersine v. Thomas, 28 Ohio St., 596, 599, that: “Under our statute a divorce contemplates a final separation of the parties. Their paths in life henceforth diverge, and, in legal contemplation, they are to each other as strangers. When not otherwise provided, we think the statute contemplates that, at the time of decreeing the divorce, the court will adjust all the pecuniary rights of the parties in relation to each other springing out of the marital relation about to be forever annulled. To this end the court is given full discretionary authority to make such order concerning the division of the property and support of the children as to the court shall appear, finder ali the facts and circumstances, just, equitable, and reasonable.”
The parties in the case before us were competent under the statute to contract with each other, and there is no reason why, in agreeing upon the amount that should be paid the wife in money, they migjit not stipulate for the release of the interest of either in the property of the other. The decree itself is conclusive evidence that the court was satisfied the agreement on which it was rendered was reasonable and just in all of its provisions as carried into the decree, all of which, in our opinion, it was within the jurisdiction of the court to confirm and enforce by its judgment.
An objection is made to the operation of the decree in question as a bar to the right of dower claimed, on the ground that the agreement on which the decree is founded, is an unlawful one; the stipulation looking to an immediate divorce being, it is said, against public policy and rendering the whole contract void. This objection is not available. The alleged infirmity does not appear in the decree, nor in the record of that case. The agreement, what *113 ever its terms, was merged in the judgment, which, being regular on its face, and, as has been seen, rendered by a court of competent jurisdiction, is supported by the conclusive presumption that every fact necessary t® sustain it was properly brought before the court. The judgment cannot be impeached except by a direct proceeding to reverse or annul it. And even in a proceeding of that character, the party asserting the illegality of the agreement as a ground of relief would find serious obstacles in the way of obtaining any assistance from the courts. Certainly as long as the decree remains in force the parties to it are estopped from alleging or proving the agreement was illegal, or disputing its validity. Bank v. Stevens, 1 Ohio St., 233.
It is urged, however, that as the defendants beIoav plead and proved the agreement in support of their defense, they brought themselves within that principle which denies the aid of the courts to those who are parties to illegal transactions. That principle is not applicable to them. The agreement was no longer executory. It was executed by the decree, as fully as if tire wife in pursuance of it had lawfully made and delivered a deed of release of her dower right. Resort to the agreement was unnecessary in order to establish the right to the relief the defendants were seeking. The decree, unaided by any other fact, constituted the legal bar they set up to the dower claimed. And though they plead the agreement, and assuming the burden imposed by the court, produced it in evidence, it did not affect the validity or operation of the decree, but was as harmless as it was immaterial, being neither necessary to establish the defense, nor competent to invalidate the decree.
The remaining objection made to that part of the decree in question is, that it was made a part thereof, and so entered of record, without the know *114 ledge or consent of the defendant in error, the plaintiff in that case. It is admitted that the attorney who took the decree in behalf of the plaintiff had full knowledge of its contents as entered, and agreed to all of its provisions; and, that he was authorized to represent the plaintiff in the bringing and conduct of the suit, and in all things pertaining to her interests in the case, including the making of all proper arrangements for securing to her the most advantageous provisions for alimony out of the husband’s estate. There was no express limitation on his authority in this respect. The plaintiff relied on his skill and judgment. In making the arrangement in her behalf, he no doubt deemed it advisable and beneficial to his client that she should relinquish her inchoate dower in order to obtain a larger amount of alimony in money than she would otherwise be able to obtain; and in so securing for her, by the surrender of a mere contingency that might never ripen into any actual value, something of present and substantial value, we are not satisfied he violated his professional trust, nor that the decree entered in pursuance of the agreement is void.
Besides, no fraud is charged against the defendant in that case, or his attorney, nor any collusion with the attorney of the plaintiff. The decree being a public record in her own case, was certainly sufficient to charge her with constructive notice of its provisions after its rendition; and the record here fails to show that she has not, at all time since, had actual knowledge of those provisions. Her pleading and the finding of the court on that subject, in this case, go no further than that the feature now objected to was inserted in the decree and so entered without her knowledge; and, though not important, it may be observed that the plaintiff, who alone could know what knowledge she possessed, was not produced as a witness. She did not choose to avail herself of her remedy, if she could show sufficient grounds therefor,. *115 by a direct proceeding to have the decree vacated or opened up, to which she might have resorted at any time short of the statutory bar, but permitted the decree to remain unquestioned until the commencement of the action below, more than ten years subsequent to its rendition, and in the meantime accepted, and retains all the fruits of the judgment, all that was beneficial to her. Upon no sound principle of law or justice can she now be released from the obligations of the judgment on the plea that she was ignorant of its provisions as entered of record, or that her attorney was without authority to have it so entered.
The judgment rendered in the circuit court in the first of these cases, awarding dower to the defendant in error, will be reversed, and judgment rendered for the plaintiffs in error. And the orders and proceedings in the second case, being founded on the judgment in the first one, must also be reversed and set aside.

Judgment accordingly.